Fuchsberg, J.
(concurring). I agree that appellant’s phrasing of its bid in the alternative, by its offer of “1. The total price of Five hundred and Fifty-six Thousand dollars ($556,000.00), anchor 2. One dollar ($1.00) more than the highest bidding price you have received for the above property”, is too indefinite to be enforceable (emphasis added).
But I prefer not to deal, as does the majority, with the case that would have confronted us had the offer been in the form of an unmistakable commitment to the higher of the two alternatives, thus rendering the bid readily capable of ascertainment (see Martin Delicatessen v Schumacher, 52 NY2d 105, 110).
Nor do I see any reason, in the absence of illegality, and in the context of a private sector business transaction in our relatively free enterprise society, to concern ourselves with the possible or potential effect of appellant’s novel offer on commercial competitive bidding. This problem, if it turns out to be one, could easily be abated by appropriate conditions imposed by those who invite bids, or, if the Legislature thought it of sufficient general interest, by statutory enactment.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler and Meyer concur; Judge Fuchsberg concurs in a separate memorandum; Judge Jasen taking no part.
Order affirmed.